# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL-JALEEL SINGLETON<br>*Plaintiff* | : : : : : : : : : : | CIVIL ACTION<br><br>NO. 19-45 |
| v. | | |
| PATRICIA M. ENGLER<br>*Defendant* | | |

NITZA I. QUIÑONES ALEJANDRO, J.　　　　　　　　　　　　　　　　　　　　　MARCH 18, 2019

## MEMORANDUM

*Pro se* Plaintiff Al-Jaleel Singleton, who is currently incarcerated at the Lehigh County Jail, filed this civil action pursuant to 42 U.S.C. § 1983 against Patricia M. Engler, a Magisterial District Judge for Lehigh County. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) Three days later, Singleton filed an Amended Complaint (ECF No. 4) and another Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 5). By Order entered on January 9, 2019, the Court denied Singleton's Motions without prejudice because he had failed to submit a copy of his prisoner account statement. (ECF No. 6.) The Court directed Singleton to either submit $400.00 or file a certified copy of his prisoner account statement within thirty (30) days. (*Id.*)

Singleton did not do so. Accordingly, by Order entered on February 27, 2019, the Court dismissed this action without prejudice for failure to prosecute. (ECF No. 7.) Two days later, however, the Court received a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8) and a Prisoner Trust Fund Account Statement (ECF No. 9) from Singleton. In light of Singleton's *pro se* status, the Court will vacate its February 27, 2019 Order. The Court will also grant Singleton

leave to proceed *in forma pauperis* and dismiss his Amended Complaint[1] for the reasons set forth below.

## I. FACTS

Singleton alleges that in October of 2018, he was charged with various drug offenses. (Am. Compl. at 5.)[2] Magisterial District Judge Engler set his bail at $100,00.00. (*Id.*) Singleton claims that this bail amount violates his Eighth Amendment rights. (*Id.*) He argues that he should be entitled to a lower bail because he has "never missed a court date" and is not a flight risk or a danger to the community. (*Id.*) As relief, Singleton seeks damages. (*Id.* at 4.)

## II. STANDARD OF REVIEW

The Court will grant Singleton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Singleton is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Judges are entitled to absolute immunity from civil rights claims and claims under state law that are based on acts or omissions taken in their judicial capacity, so long as they do not act

---

[1] An "amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotations omitted). Here, Singleton's Amended Complaint does not refer to or adopt his initial Complaint. Accordingly, the Court will consider the Amended Complaint to be the operative pleading in this matter.

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] However, as Singleton is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). In Pennsylvania, magisterial district judges have jurisdiction to, *inter alia*, fix and accept bail when the charged offenses do not relate to murder and voluntary manslaughter. *See* Pa. Cons. Stat. § 1515(a)(4). Thus, Magisterial District Judge Engler was acting within her judicial capacity and within her jurisdiction when she set Singleton's bail. As Singleton has sued Magisterial District Judge Engler for an act taken in her judicial capacity, judicial immunity clearly applies and there is no legal basis for Singleton's lawsuit against her.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Singleton leave to proceed *in forma pauperis* and dismiss his Amended Complaint. Singleton will not be permitted to file a second amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

3